UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDGARDO SOLORIO-CAMACHO,<br>Defendant. | No. 2:11-CR-00118-MCE<br><br>**ORDER** |

Defendant Edgardo Solorio-Camacho ("Defendant") was convicted of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and was sentenced on March 29, 2012, to 168 months of imprisonment. Presently before the Court is Defendant's Motion to Reduce Sentence. ECF No. 115. This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion. ECF Nos. 117-18. The Government opposes Defendant's request. ECF No. 120. For the reasons that follow, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. <u>See</u>

U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

///
///
///
///
///
///
///
///

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

Defendant is not currently eligible for a sentencing reduction because his sentence has already been reduced to 135 months by stipulation of the parties. See ECF Nos. 112-114. At his original sentencing, Defendant's total offense level was 35, his guideline range was 168-210 months, and the Court imposed a low-end sentence. Under the amended guidelines, however, his total offense level would have been 33 and his guideline range 135-168 months. The parties thus stipulated to reduce Defendant's sentence to the new low end of 135 months. Accordingly, because Defendant's sentence has already been reduced to the bottom of the amended guideline range and no further reduction is permitted, his Motion (ECF Nos. 115) is DENIED. See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: January 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE